UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH
CIVIL ACTION NO. 5:17-CV-00148-TBR

RONNIE SANDERSON                 Plaintiff

v.

WAL-MART STORES EAST, L.P.            Defendant

## OPINION AND ORDER

This matter is before the Court upon Defendant Wal-Mart Stores East L.P.'s Motion in Limine. (R. 34). Plaintiff, Ronnie Sanderson, has responded. (R. 36). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED.

### Background

In November of 2016, Ronnie Sanderson slipped and fell at a Wal-Mart in McCracken County, Kentucky. (R. 1). With the trial date approaching, Wal-Mart now files the instant motion in limine. (R. 24).

### Legal Standard

Motions in limine provided in advance of trial are appropriate if they eliminate evidence that has no legitimate use at trial for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997); *Bouchard v. Am. Home Products Corp.*, 213 F.Supp.2d 802, 810 (N.D.Ohio 2002) ("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984))). Only where the evidence satisfies this high bar should the court exclude it; if not, "rulings [on evidence] should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."

*Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D.Ky.2010) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D.Ohio 2004)). Even if a motion in limine is denied, the court may revisit the decision at trial when the parties have more thoroughly presented the disputed evidence. *See id.* ("Denial of a motion in limine does not guarantee that the evidence will be admitted at trial, and the court will hear objections to such evidence as they arise at trial.").

**Discussion**

With its Motion in Limine Wal-Mart "moves the [C]ourt for an order that the [P]laintiff may introduce no evidence of future medical expenses because there is no expert testimony in the record that any future medical expenses are probable of being incurred." (R.34). Sanderson responds simply that he is competent to testify as to future medical expenses. (R.36). The Court disagrees.

"To determine what evidence is required for future medical costs, the Court looks to Kentucky substantive law." *Highley v. 21st Century Ins. Co.*, Civil Action No. 5:17-cv-213-CHB, 2018 U.S. Dist. LEXIS 133192, at *7 (E.D. Ky. Aug. 8, 2018) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). Under Kentucky law, future medical expenses must be proven by more than speculation—they must be proven by "positive and satisfactory evidence." *Id.* (citing *Howard v. Barr*, 114 F.Supp. 48 (W.D. Ky. 1953)). The Plaintiff's own testimony that his injuries will require future medical expenses is not positive and satisfactory evidence. *Howard*, 114 F. Supp. at 50. (denying damages for future medical costs because plaintiff's testimony alone was not positive and satisfactory evidence).

The Court finds *Boland-Maloney Lumber Co. v. Burnett* instructive on the matter. 302 S.W.3d 680, (Ky. Ct. App. 2009). In *Boland* the trial court granted Boland-Maloney's motion in

limine to exclude any evidence concerning future medical expenses because such evidence was not supported by an expert. *Id.* at 691. The Kentucky Court of Appeals overturned the trial court's decision, but only to the extent that Burnett had an expert testify as to Burnett's need for future medications. *Id.* at 691-2. Notably, the appellate court only reversed on the future medication expenses—which Burnett supported with expert testimony—not all future medical expenses. *See Curtis v. Grigsby*, No. 2013-CA-000676-MR, 2014 Ky. App. Unpub. LEXIS 196, at *6-7 (Ct. App. Mar. 7, 2014).

Here, and unlike Burnett, Sanderson has no expert witness to support *any* claims of future medical costs, and his own testimony is not positive and satisfactory evidence of future medical costs. As such, any recovery for future medical expenses would be improper. Thus, because it is unsupported by an expert, any evidence presented by Sanderson regarding future medical costs cannot rise to the level of positive and satisfactory as required by Kentucky law. Therefore, it is excluded as irrelevant.

## Conclusion

For the reasons stated herein, Wal-Mart's Motion in Limine (R. 34) is hereby **GRANTED**.

This matter remains set for trial Oct. 1, 2018. Counsel shall appear in chambers at 8:30 AM.

cc: Counsel