# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:17-CV-00148-TBR



FILED
VANESSA L. ARMSTRONG, CLERK
OCT 02 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## RONNIE SANDERSON

### v.

## WAL-MART STORES EAST, LP

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and to apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between parties of equal standing in the community, of equal worth, and holding the same or similar stations in the community. All parties stand equal before the law and are to be treated as equals.

You are to consider only the evidence in the case. Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusion. "Expert witnesses" are an exception to this rule. Witnesses, who, by education and/or experience, have become experts in some art, science, profession or calling, may also state their reasons for the opinion. You should consider each expert opinion received in this case and give it as much weight as you may think it deserves. You are free to consider an expert's education and experience when evaluating their testimony. You may also consider any and all reasoning given by an expert. As with testimony from other witnesses, you are free to believe everything that an expert has said, only part of it, or none of it at all.

Some of you may have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and nonaided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to the individual judgment. You must each decide this case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest

conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

# INSTRUCTION NO. 1

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

Verdict forms have been prepared for your convenience. You will take these forms to the jury room and, when you have reached a verdict, you will fill out the verdict forms as appropriate. You will then return with your verdict to the courtroom. All eight (8) of you must unanimously agree upon a verdict.

Please proceed to Instruction No. 2.

# INSTRUCTION NO. 2

## Burden of Proof

The Plaintiff has the burden of proving his case against the Defendant by what is called a "preponderance of the evidence." This means that the Plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not.

The Defendant, Wal-Mart has alleged that Plaintiff, Ronnie Sanderson, failed to exercise ordinary care for his own safety and that was a substantial factor in causing his injury.

Wal-Mart has the burden of proofing that allegation against Sanderson by what is called a preponderance of the evidence. In regard to that allegation this means that Wal-Mart has to produce evidence that, considered in light of all the facts, leads you to believe that what the Wal-Mart claims is more likely true than not.

The term "preponderance of the evidence" does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

Please proceed to Instruction No. 3.

# INSTRUCTION NO. 3

The term "ordinary care" as used in these instructions means such care as the jury would expect an ordinary prudent person or business to exercise under the same or similar circumstances.

Please proceed to Instruction No. 4.

# INSTRUCTION NO. 4

## Elements of Plaintiff's Claim

It was Wal-Mart's duty to exercise ordinary care for the safety of its customers, including the Plaintiff. You will find Wal-Mart at fault if you are satisfied from the evidence as follows:

1. That Ronnie Sanderson's injuries were caused by slipping on a liquid substance; and

2. That by reason of the presence of the liquid substance on the floor, Wal-Mart's floor was not in a reasonably safe condition for the use of its business invitees, including Ronnie Sanderson; and

3. That Wal-Mart knew, or in the exercise of ordinary care, should have discovered the liquid substance on the floor in sufficient time to have remedied the condition or warned Sanderson of its presence before Sanderson slipped in it; and

4. That Wal-Mart's failure, in the exercise of ordinary care, to remedy the condition was a substantial factor in causing Sanderson's accident.

We, the jury, find Wal-Mart at fault by preponderance of the evidence.

YES_____

NO_____

_____

FOREPERSON

If you have answered YES to this Instruction No. 4, please proceed to Instruction No. 5.

If you have answered NO to this Instruction No. 4, proceed no further with these Instructions and interrogatories, and return to the courtroom.

# INSTRUCTION NO. 5

**Elements of Wal-Mart's Claim that Sanderson was at Fault**

It was Plaintiff, Ronnie Sanderson's, duty upon the occasion in question to exercise ordinary care for his own health and safety. If you are satisfied from the evidence that Plaintiff failed to comply with this duty, and that such failure was a substantial factor in causing his injury, you shall find Plaintiff, Ronnie Sanderson, at fault.

We, the jury, find Ronnie Sanderson, at fault by preponderance of the evidence.

YES_____

NO_____

_____

FOREPERSON

If you answered YES, please proceed to Instruction No. 6.

If you answered NO, please proceed to Instruction No. 7.

# INSTRUCTION NO. 6

## Comparative Fault

If you find Wal-Mart at fault in Instruction No. 4, and also find Ronnie Sanderson at fault in instruction No. 5, you will determine from the evidence and indicate in the blank spaces in below what percentage of the total fault was attributable to each entity.

In determining the percentage of fault, you shall consider both the nature of the conduct of each entity at fault and the extent of the causal relations between his//its conduct and the injuries claimed by Plaintiff.

Please assess the percentage of fault you believe are attributable to each party.

Wal-Mart: _____ %

Ronnie Sanderson: _____ %

Total: 100%

_____

FOREPERSON

# INSTRUCTION NO. 7

## Compensatory Damages

If you answer "yes" under instruction No. 4, then you shall award Plaintiff such a sum of money as will fairly and reasonably compensate him for any damages or injuries which you are satisfied from the evidence he sustained as a direct result of this accident including:

1. Expenses for medical services you believe from the evidence he has incurred.

2. Loss of wages and income as you believe from the evidence he sustained directly by reason of his injuries.

3. Physical or mental suffering you are satisfied from the evidence he has sustained or is reasonably certain to endure hereafter.

Indicate your award of damages, if any, by answering Interrogatory No. 1.

# INTERROGATORY NO. 1

What sums, if any, will fairly and reasonably compensate Plaintiff, Ronnie Sanderson, for any damages for the injury that you believe was sustained by him as a direct result of the alleged accident?

    A. Reasonable medical expenses      $_____

    B. Lost wages      $_____

    C. Pain and Suffering      $_____

    TOTAL      $_____

_____

FOREPERSON

Your verdict form is complete, and you should return to the courtroom.